IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03346-BNB

JEREMY PINSON,

    Applicant,

v.

BLAKE DAVIS,

    Respondent.

ORDER OF DISMISSAL

Applicant, Jeremy Pinson, is a prisoner in the custody of the United States Bureau of Prisons (BOP). Mr. Pinson, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On January 10, 2012, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that defense in this action. On January 31, 2012, Respondent filed a Preliminary Response and argued that this action should be dismissed for failure to exhaust administrative remedies. On February 7, 2012, Mr. Pinson filed a Reply. Subsequent to Mr. Pinson's Reply, Respondent filed a "Sur-Reply to Preliminary Response," and Mr. Pinson filed a Reply to the Sur-Reply.

The Court must construe Mr. Pinson's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the instant action.

Mr. Pinson asserts that his due process rights were violated in the disciplinary proceeding for Incident Report (IR) No. 1639219. He contends that he was attacked in his cell without provocation or means of escaping and was wrongly charged with fighting. Mr. Pinson also asserts that the Disciplinary Hearing Officer denied the witnesses he requested, refused to consider his self-defense argument, and found him guilty without supporting evidence. Mr. Pinson seeks expungement of the incident report and reversal of the sanctions and resulting classification.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Pinson. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13–542.15. The BOP administrative remedy procedure, however, provides that a DHO

appeal is submitted initially to the Regional Director for the region where the inmate currently is located. See 28 U.S.C. § 542.14(d)(2).

The BOP administrative remedy program also provides specific deadlines for submitting regional and national appeals. See 28 C.F.R. § 542.15(a). An inmate has twenty days to appeal to the appropriate regional director and thirty days to file an appeal with the National Inmate Appeals (NIA) Director after receiving a response at the preceding level. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

In his Reply, Mr. Pinson asserts that he was transferred out of the facility where the incident took place before he was able to submit an appeal of the disciplinary proceedings. He also asserts that, while he was held at the federal transfer center in Oklahoma, he mailed an appeal of the IR hearing to the South Central Regional Office (SCRO).

Respondent disagrees with Mr. Pinson and claims that there is no record when and from where the appeal was sent, only a record that the appeal was received by the SCRO on October 12, 2007. Respondent further contends that by October 12 Mr. Pinson was housed at USP Florence and prisoners at Florence are required to file an appeal of disciplinary proceedings with the North Central Regional Office (NCRO). Respondent also asserts there is no record that Mr. Pinson sent an appeal to the NIA Director as he claims, when he allegedly did not receive a response from the SCRO regarding his appeal, and concludes Mr. Pinson failed to exhaust his administrative remedies.

Mr. Pinson relies on a self-proclaimed declaration for his argument that he filed an appeal to the SCRO regarding IR No. 1639219; that he did not receive a response from the regional office; and that he did submit an appeal to the NIA Director on December 1, 2007.  Reply, Doc. No. 9.  Respondent relies on the SENTRY database system, which tracks and maintains an inmate's administrative remedies and discipline history, for his argument that Mr. Pinson did not file an appeal with the NIA Director when his regional appeal was denied for failure to file the appeal in the proper regional office.  Preliminary Resp., Doc. No. 7-1.

After reviewing all briefings submitted by Respondent and Mr. Pinson, the Court concludes the following.  Even if Mr. Pinson did submit an appeal to the NIA Director when he claims he did, and for purposes of § 542.18 he exhausted his remedies, the delay of almost four years to challenge IR No. 1639219 in federal court is unreasonable. The action, therefore, is subject to dismissal as time-barred under 28 U.S.C. § 2244(d). *See Kilgore v. Attorney General of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008) (federal court may dismiss a habeas action *sua sponte* when it is clear from the face of the application that it is untimely).

Pursuant to § 542.18, a response to an administrative remedy appeal filed with the NIA Director must be made within forty days, and if the inmate does not receive a response within the time allotted the inmate may consider the lack of a response to be a denial at that level.  Mr. Pinson acknowledges this procedure in his Reply.  He states that pursuant to the BOP regulations he filed a final appeal after sixty days "construing the nonresponse as a denial."  Reply at 3.  Mr. Pinson also conceded in a previous case that he is well acquainted with BOP policies, regulations, and procedures, including the

administrative remedy process.  *See Pinson v. Davis*, No. 11-cv-00608-WYD, Doc. No. 15 at 6 (D. Colo. Jan. 13, 2012).

The Tenth Circuit has applied the one-year time limitation specified in 28 U.S.C. § 2244(d)(1)(D) (the date on which the factual predicate of the claim could have been discovered by due diligence) to determine whether a petition filed under § 2241 challenging an administrative decision is time-barred.  *See Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006).  The commencing of the limitation period is when the denial of an inmate's administrative appeal becomes final.  *Id.* (citing *Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004)).

Even if the Court allowed two weeks from December 1, 2007, the date Mr. Pinson claims he submitted an appeal to the NIA Director, for the Director to receive the appeal, the time for the Director to respond would run on January 24, 2008.  Mr. Pinson did not file this action until December 21, 2011, almost four years after the administrative appeal was final.

Given the Tenth Circuit has found that § 2241 actions are subject to the one-year limitation set forth in § 2244(d)(1)(D), *see Dulworth*, 442 F.3d at 1268, then § 2241 actions also are subject to equitable tolling, *see Holland v. Florida*, 130 S. Ct. 2549 (2010) (holding that the statute of limitations period defined in § 2244(d) is subject to equitable tolling).  To be entitled to equitable tolling, Mr. Pinson must demonstrate (1) he diligently pursued his rights and (2) some extraordinary circumstance prevented his timely filing.

Mr. Pinson fails to assert that he was diligent in pursuing his appeal and that an extraordinary circumstance prevented his timely filing.  He knew a nonresponse by the

NIA Director resulted in a final appeal and yet failed to file a § 2241 action within a year from the time the Director was required to provide a response to his appeal. The only attempts Mr. Pinson alleges he made to determine the status of his appeal was to ask the unit team about every three weeks for three years about the appeal. These attempts do not exhibit due diligence. The action, therefore, will be dismissed as time-barred.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Pinson files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d)(1)(D). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  16th   day of    April        , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court